## DRAINAGE COMMISSIONERS

### V.

## THE PEOPLE OF THE STATE OF ILLINOIS EX REL., ETC.

*Drainage—Assessment of Damages for Land Taken—Service of Jus-
tice's Notice—Jurisdiction*—Certiorari.

A return showing that the service of a notice issued by a Justice under
the Drainage Act. in a proceeding to assess damages for land taken for a
ditch, was by the officer and land owner, each reading it in part, is insuf-
ficient to give the Justice jurisdiction.

Drainage Commissioners v. The People.

[Opinion filed November 18, 1887.]

Appeal from the Circuit Court of McLean County; the Hon. O. T. Reeves, Judge, presiding.

Messrs. Tipton & Beaver, for appellants.

Messrs. Kerrick, Lucas & Spencer, for appellee.

Conger, P. J.    This was a writ of *certiorari* to review the proceedings had before a Justice of the Peace, wherein damages were assessed to the relator for his land taken for a ditch under the drainage law.

Two points were made: First, that the notice to be issued by the Justice, as required by the Drainage Act, is process, and is void because it does not conform to the constitutional requirement that all process shall run in the name of the people. Second, that the service of the notice upon the relator was not such as is required by law, and therefore gave the Justice of the Peace no jurisdiction of the person of the relator.

The return of the officer as to the manner in which he had served it was as follows:

" By reading a part of the within notice to the within named Charles L. Rutledge, and Charles L. Rutledge read a part, and by leaving a copy with the within named, on the 2d day of March, 1886.    Dated this the 29th day of January, 1887.

"J. F. Lipp, Constable."

The Drainage Act prescribes that such notice shall be served in the same manner and with like effect as process in civil cases, and the law in reference to summons before a Justice of the Peace is, "that every summons shall be served at least three days before the time of trial mentioned therein by reading the same to the defendant."

By an inspection of the foregoing return it will be seen that the officer read a part of the notice to the relator, and the relator read a part, but what part, or how much each of the parties read, nowhere appears.

We think this return was clearly insufficient to show a legal

service of the notice upon the relator, and as he refused to appear before the Justice at the hearing, the proceedings before the Justice were without jurisdiction, and consequently void.

If there was no service upon the re'ator and no jurisdiction in the Justice the question of the constitutionality of the summons or notice is eliminated from the record. The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*